**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

David Michael Noonan,

    Plaintiff,

v.

Sunrise Credit Services Inc. &
Charter Communications, Inc.

    Defendants.

Civil Action: _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff David Michael Noonan ("Mr. Noonan") brings this complaint against Defendant Sunrise Credit Services, Inc. ("Sunrise Credit") for violations of the Fair Debt Collection Practices Act and the Maine Fair Debt Collection Practices Act, and against Charter Communications, Inc. ("Charter Communications") for common law defamation.

### Parties

2. Mr. Noonan is a New Hampshire citizen.

3. Sunrise Credit Services, Inc. is a New York Domestic Business Corporation with a principal place of business located at 260 Airport Plaza, Farmingdale, New York.

4. Charter Communications, Inc. is a Delaware Business Corporation with a principal place of business located at 400 Washington Boulevard, Stamford, Connecticut.

### Jurisdiction and Venue

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

6. Venue is proper here pursuant to 28 U.S.C. § 1391.

7. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

## Allegations

8. For some time leading up to January 7, 2022, Mr. Noonan had been contacted by Charter Communications (commonly known for its "Spectrum" branded internet services) regarding an alleged debt in the amount of $364.64.

9. Mr. Noonan repeatedly told Charter Communications that the alleged debt was not his.

10. Mr. Noonan repeatedly requested that Charter Communications send him any account information, any unpaid bills, any documentation of the bills or anything that in any way would reflect the alleged debt owed.

11. Mr. Noonan never received a substantive response to his requests.

12. In fact, Charter Communications agreed that Mr. Noonan did not owe the alleged debt.

13. Sunrise Credit regularly engages in the business of attempting to collect debts in the State of Maine.

14. Sunrise Credit and is licensed as a debt collector to collect consumer debts in the State of Maine by the Maine Bureau of Consumer Credit Protection.

15. Sunrise Credit sent a letter to Mr. Noonan, dated January 7, 2022 addressed to 11 A Street Unit 2 in York, Maine and demanded payment of the above-referenced alleged debt.

16. The alleged debt was identified as "SCS Account # 48751182" from a Charter Communications Account Number ending in 9818.

17. 11 A Street Unit 2 in York, Maine is a rental unit that Mr. Noonan owns.

18. Mr. Noonan did not live at 11 A Street Unit 2 in York, Maine at any relevant time.

19. Mr. Noonan was not responsible for utilities at 11 A Street Unit 2 in York, Maine at any relevant time.

20. Mr. Noonan was not responsible for any Charter Communications/Spectrum accounts at 11 A Street Unit 2 in York, Maine at any relevant time.

21. Upon information and belief, the alleged debt is a utility bill incurred by a tenant at 11 A Street Unit 2 in York who is solely responsible for it.

22. On or around January 5, 2022, Sunrise began to report the alleged debt to Experian.

23. On or around January 5, 2022, Sunrise began to report the alleged debt to Equifax.

24. As of early March, 2022 Experian was reporting the alleged debt as a "collection account" that was "past due."

25. As of early March, 2022 Equifax was reporting the alleged debt as "UNPAID" with no indication that the debt was disputed.

26. As a direct, proximate and foreseeable result of the actions of Charter Communications, Mr. Noonan's credit score was wrongfully caused to decrease significantly.

27. As a direct, proximate and foreseeable result of the actions of Sunrise Credit, Mr. Noonan's credit score was wrongfully caused to decrease significantly.

28. On March 21, 2022 Plaintiff's counsel sent two letters to Sunrise, the first indicating that the debt was disputed and the second requesting that Sunrise take corrective action and cause the derogatory credit reporting to be removed from Mr. Noonan's credit reports.

29. As of the date of this filing, Mr. Noonan's credit scores as generated by an application for credit with a third-party bank continue to be wrongfully lower than they were prior to the acts of Charter Communications and Sunrise Credit.

30. Mr. Noonan is an active real estate investor, business owner and primary owner of the law firm Shaheen & Gordon, P.A. His personal credit scores are vitally important to him and his ongoing business interests.

### FIRST COUNT
### Violations of 15 U.S.C. 1692 *et seq.*, (the "FDCPA") against Sunrise Credit

31. Plaintiff realleges the paragraphs above as if set forth herein.

32. Defendant Sunrise Credit is a debt collector as defined in 15 U.S.C. 1692a.

33. By the conduct set forth above, Defendant Sunrise Credit has made Mr. Noonan the object of collection activity arising from consumer debt as defined in 15 U.S.C. 1692a.

34. By the conduct set forth above, Defendant Sunrise Credit violated numerous provisions of the FDCPA, including but not limited to §§ 1692e(2), 1692e(8) and 1692e(10).

35. By the conduct alleged herein, Mr. Noonan has suffered actual damages and is entitled to recover statutory damages and attorney's fees and costs, for all of which Sunrise Credit is liable to him.

### SECOND COUNT
### Violations of 32 M.R.S. §§ 11001 – 11054 (the "Maine FDCPA") against Sunrise Credit

36. Plaintiff realleges the paragraphs above as if set forth herein.

37. Defendant Sunrise Credit is a debt collector as defined by the Maine FDCPA, 32 M.R.S. § 11002(6).

38. By the conduct set forth above, Defendant Sunrise Credit violated numerous provisions of the Maine FDCPA, including but not limited to §§ 11013(2)(B), 11013(2)(H) and 11013(2)(J).

39. By the conduct alleged herein, Mr. Noonan has suffered actual damages and is entitled to recover statutory damages and attorney's fees and costs, for all of which Sunrise Credit is liable to him.

### THIRD COUNT
### Defamation against Charter Communications, Inc.

40. Plaintiff realleges the paragraphs above as if set forth herein.

41. By the conduct set forth above, it is reasonable to infer that Defendant Charter Communications made a false and defamatory statement concerning Mr. Noonan and alleged debt that he did not owe.

42. By the conduct set forth above, it is reasonable to infer that Defendant Charter Communications published that false and defamatory statement to Sunrise Credit without any applicable privilege.

43. By the conduct set forth above, it was at least negligent for Defendant Charter Communications to publish said false and defamatory statement to Sunrise Credit.

44. Actionability exists irrespective of special harm because the published statement concerns and injured Mr. Noonan's professional reputation.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

A. ENTER judgment in his favor on all counts;

B. ENJOIN Sunrise Credit from reporting to consumer credit agencies false debts not owed by Mr. Noonan;

    C.      AWARD him all the further relief to which he is entitled, including actual and statutory damages, costs, and reasonable attorneys' fees and costs; and

    D.      GRANT such further relief as it deems just and equitable.

Respectfully Submitted,

Dated: July 27, 2022

/s/ Nicholas G. Kline
Nicholas G. Kline, Esq. #5948
nkline@shaheengordon.com
Attorney for the Plaintiff
SHAHEEN & GORDON, P.A.
353 Central Avenue, 2nd Floor
Dover, NH  03821-0977
(603) 749-5000